# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 23, 2020

Lyle W. Cayce
Clerk

No. 19-60052
Summary Calendar

Judith Marisol Gonzalez Rivera,

*Petitioner*,

*versus*

William P. Barr, *U.S. Attorney General*,

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 988 808

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

Judith Marisol Gonzalez Rivera, a native and citizen of El Salvador, petitions for review of the decision of the Board of Immigration Appeals dismissing her appeal from an order of removal. Relying primarily on *Pereira*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-60052

*v. Sessions*, 138 S. Ct. 2105 (2018), Gonzalez Rivera argues that her Notice to Appear was not a valid charging document because it failed to state the time and date for her removal proceedings. She contends that these deficiencies rendered the NTA invalid, thereby depriving the immigration court of subject-matter and personal jurisdiction.

We recently rejected the argument that an NTA without a time and date eliminates subject-matter jurisdiction. *See Pierre-Paul v. Barr*, 930 F.3d 684 (5th Cir. 2019), *cert. denied*, 2020 WL 1978950 (U.S. Apr. 27, 2020) (No. 19-779). In accordance with the governing regulations, an NTA like the one here is not defective if it specifies the nature of the proceedings, references legal authority for the proceedings, and warns about in absentia removal. *See id.* at 689–90 (distinguishing 8 C.F.R. § 1003.14 and the statutory stop-time rule of 8 U.S.C. § 1229). Moreover, even if an NTA without a time and date for the removal proceedings were defective under *Pereira*, the defect can be cured by a subsequent notice with the time and date of the hearing, like the one Gonzalez Rivera received. *See id.* at 690–91.

Gonzales Rivera appears to concede that she has forfeited her personal jurisdiction argument. In any event, she relies on the NTA's defects to show a lack of personal jurisdiction, essentially repeating her subject-matter jurisdiction argument. This personal jurisdiction argument fails for the same reason the subject-matter jurisdiction argument does.

The BIA did not erroneously dismiss Gonzalez Rivera's appeal. *Id.* at 689; *see Yang v. Holder*, 664 F.3d 580, 584 (5th Cir. 2011). The petition for review is DENIED.